CARTER, Judge.
This is an appeal from a trial court judgment in an action for damages.

FACTS

On March 27, 1991, Dorthia Hefner, plaintiff, an invitee at the Wilson Inn hotel in Baton Rouge, tripped and fell in the en-tranceway as she approached the front doors of the hotel. As a result of the fall, plaintiff *10 sustained injuries including a herniated lumbar disc.
On July 25, 1991, plaintiff filed an action for damages against Wilson Inn, Inc.[2] The petition alleged that plaintiffs fall was caused by the fault and negligence of Wilson Inn, Inc. by (1) failing to construct the concrete walkway level with the asphalt drive at the hotel entrance; (2) failing to construct a smooth transition at the hotel entrance, from the concrete walkway to the asphalt drive; (3) constructing the concrete walkway at an irregular height above the asphalt drive at the hotel entrance; and (4) failing to warn that the concrete walkway was not level "with the asphalt drive at the hotel entrance.
On May 25-27, 1994, the matter was tried before a jury. On May 27, 1994, the jury returned a verdict, finding that there was no defect in the premises which created an unreasonably dangerous condition which caused or contributed to plaintiffs fall. On August 2,1994, the trial judge signed a judgment, in accordance with the jury verdict, in favor of Wilson Inn, Inc. and its insurer, dismissing plaintiffs claims with prejudice. Plaintiff appealed from the adverse judgment, assigning as her sole specification of error that the trial court erred “in excluding highly probative photographic evidence of the accident scene in this strict liability case.”

EXCLUSION OF EVIDENCE

Relevant evidence is that which tends to make the existence of any fact of consequence in the action more or less probable than it would be without such evidence. LSA-C.E. art. 401. Although relevant, evidence may be excluded if its probative value is | asubstantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. LSA-C.E. art. 403. The trial court is granted much discretion in determining the relevancy of evidence. Shaw v. Fidelity & Casualty Insurance Company, 582 So.2d 919, 923 (La.App. 2nd Cir.1991). See Hines v. Remington Arms Company, Inc., 630 So.2d 809, 815 (La.App. 3rd Cir.1993), reversed on other grounds, 94-0455 (La. 12/8/94), 648 So.2d 331.
The admissibility of subsequent remedial measures is addressed in LSA-C.E. art. 407, which provides as follows:
In a civil case, when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This Article does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, authority, knowledge, control, or feasibility of precautionary measures, or for attacking credibility.
In general, remedial measures taken after an incident of negligent conduct are not admissible in evidence because such evidence would discourage people from taking steps to prevent future harm. Toups v. Sears, Roebuck and Company, Inc., 507 So.2d 809, 816 (La.1987). The policy considerations which exclude evidence of remedial measures in negligence cases are not applicable where strict liability is involved. Toups v. Sears, Roebuck and Company, Inc., 507 So.2d at 816. In that circumstance, the balancing process described in LSA-C.E. arts. 401 and 403 is required. LSA-C.E. art. 407, comment (b); Shaw v. Fidelity & Casualty Insurance Company, 582 So.2d at 924.
In the instant case, plaintiff asserts that the trial court erroneously excluded from evidence a series of photographs depicting the accident scene as it existed some time after plaintiffs fall. During the video deposition of architect Alden Holloway, Holloway sought to illustrate his testimony regarding the slope of the concrete walkway by referring to this series of photographs. The photographs show yellow markings on the concrete slope which did not exist at the time of plaintiff’s fall. At trial, defense counsel objected to the admissibility of the photographs on the basis that the photographs failed to portray the accident scene as it existed at the *11 time of plaintiffs fall and that the photo-graphsjjillustrate subsequent remedial measures. The trial court excluded the photographs, indicating as follows:
I’m trying to figure out exactly what import the jury might place on these yellow markings on here. With the yellow markings on here then the initial observation or initial thought, I think, would be that, well, gosh, with that yellow on there she should have been able to see or should have noticed that thing and, of course, then the explanation is that the yellow wasn’t there. So it didn’t become just subsequent remedial question without necessarily the Wilson Inn admitting that they had a defective situation. They have taken the steps by painting this out here just so it will be more noticeable. I don’t know how you unring that bell. In a negligence case or a case where the theory of recovering is negligence, then subsequent remedial measures are not admissible. In a case on a ... strict liability type case, then it’s really not an issue because the defendant is held to have knowledge of the defect ... and, therefore, any type of remedial measures ... is really immaterial. The court feels that there are some other photographs that the jury can look at.... At least one of them is a blowup of about the same area. The court just thinks that with these yellow stripes on here it calls attention to the area. It shows what could be done to remedy or possibly remedy the situation in a very cost effective manner, and the jury is going to place more import on that than they will on what the situation looked like at the time. The court feels that it would prejudice the defendant to have these photographs with the yellow markings come into evidence.
After reviewing the record, including the proffered photographs, we cannot say that the trial court abused its much discretion in finding that the probative value of the excluded photographs was substantially outweighed by the prejudice to the defendants which would arise from the admission of the photographs. The record contains photographs which clearly depict the accident scene as it existed at the time of plaintiffs fall. Therefore, the use of the photographs, which had been taken some time after the scene had been altered, was not so probative as to outweigh the potential prejudice which would be caused by their admission.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.

. By amended petition, plaintiff added as a defendant Pacific Employers Insurance Company, the liability insurer of Wilson Inn, Inc., and alleged solidary liability.